No. 46,156

James Leroy Paige, *Appellant,* v. Raymond J. Gaffney [substituted for Sherman H. Crouse], Warden of the Kansas State Penitentiary, *Appellee.*

(483 P. 2d 494)

Opinion filed April 10, 1971.

*Austin N. Wyrick,* of Leavenworth argued the cause, and *Lee Kraft,* of Leavenworth, was with him on the brief for the appellant.

*Patrick J. Reardon,* County Attorney, argued the cause, and V*ern Miller,* Attorney General, and *Douglas G. Waters, Jr.,* Special Prosecutor, of Leavenworth, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: Petitioner-appellant, James Leroy Paige, appeals from an adverse ruling entered in a postconviction proceeding before the district court of Leavenworth County.

While serving a sentence for grand larceny of an automobile imposed in 1958, petitioner, on December 22, 1959, walked away from an outside dormitory at the Kansas State Penitentiary where he was a trusty. Petitioner was apprehended and returned to the penitentiary on August 30, 1964. On February 5, 1965, petitioner was convicted by a jury of the crime of escape without breaking under K. S. A. 21-734 [now K. S. A. 1970 Supp. 21-3809 to 3811]. Pursuant to the provisions of K. S. A. 21-107a [now K. S. A. 1970 Supp. 21-4504] and 21-734, *supra,* petitioner was sentenced to a term of not less than fifteen years. This sentence is attacked in these proceedings.

Apparently, petitioner initiated these proceedings by an application for a writ of habeas corpus. However, petitioner's action was treated as a proceeding under K. S. A. 60-1507 by the trial court and will be treated likewise in this appeal.

Petitioner's attack on his sentence is directed at a previous con-

viction in the State of Colorado, which was used as one of two previous convictions, upon which his sentence of not less than fifteen years, under 21-107a, *supra,* was based.

Petitioner claims that he was convicted as a juvenile in the Colorado case, and thus the Colorado conviction could not serve as a prior conviction of a felony for the purpose of invoking the provisions of 21-107a.

The trial court summarily denied relief to petitioner and this appeal was perfected.

In its brief on appeal and on oral argument before this court, the state now concedes that in the Colorado case petitioner was found to be a juvenile delinquent and sentenced as such to an indeterminate sentence in the Colorado State Reformatory.

We have examined the proceedings pertaining to petitioner in the County Court of Yuma County Colorado and pertinent statutes relating thereto (C. R. S. 1963, 37-7-1 to 37-7-6). We agree with the position of petitioner, which is now conceded by the state, to be correct.

Under our holding in *State v. Fountaine,* 196 Kan. 638, 414 P. 2d 75, an adjudication of delinquency against a juvenile does not constitute a conviction of a felony within the purview of the Habitual Criminal Act, and such an adjudication may not be used as a basis for enhancing the punishment imposed against an accused.

Accordingly, this case is remanded with directions that the sentence be vacated and set aside, and that petitioner be resentenced in harmony with the views expressed in this opinion. The judgment is reversed with directions.